FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 APR 16 A 9: 27

CLERK'S OFFICE
AT BALTIMORE

BY_____ _ _ _ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LABORERS' DISTRICT      :
COUNCIL PENSION, ET AL.,      :
     **Plaintiffs,**      :
     :      **CIVIL NO.: WDQ-09-3174**
v.      :
     :
E.G.S., INC.,      :
     **Defendant.**

...o0o...

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Default Judgment, Paper No. 8, that Plaintiffs Laborers' District Council Pension and Disability Trust Fund No. 2; the Laborers' District Council Health and Welfare Trust Fund No. 2; the Laborers' Joint Training Fund of Washington, D.C. and Vicinity; and Justin Meighan and George Maloney, trustees, filed. On February 24, 2010, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to review Plaintiffs' Motion and to make recommendations regarding damages. Paper No. 9. I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Local Rule 105.6. For the reasons stated herein, I recommend that Plaintiffs' Motion for Default Judgment be GRANTED and that damages and injunctive relief be AWARDED, as set forth herein.

### I. Factual and Procedural History

On November 30, 2009, Plaintiffs filed a complaint against Defendant E.G.S., Inc., alleging that Defendant breached the collective bargaining agreement and trust agreements that obligated Defendant, as an employer, "to file timely reports of hours worked by covered

employees and to make timely contributions to Plaintiff Trust Funds" for each covered employee. Compl. ¶¶ 7-9, 11-15, Paper No. 1. Plaintiff sought "enforcement of the terms of those agreements ... in accordance with §§ 502(a)(3)(B), 502(g)(2), and 515 of ERISA [Employment Retirement Income Security Act], 29 U.S.C. §§ 1132(a)(3)(B), 1132(g)(2), and 1145; and § 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a)." *Id.* ¶ 16. The agreements provided for "liquidated damages in addition to the contributions due the Plaintiff Trust Funds." *Id.* ¶ 7.

According to Plaintiffs, the exact amount Defendant owed was unknown because Defendant had not filed the Contribution Reports and interest and liquidated damages accrued continually. *Id.* ¶ 10. However, Plaintiffs alleged that they were able to determine that the Defendant owed a total of $35,422.92 to various funds. *Id.* ¶¶ 12, 14. Plaintiffs characterized this sum as the "amounts due and payable by Defendant"; Plaintiffs did not claim that the sum represented liquidated damages. *See id.* To the contrary, Plaintiffs stated that the amount of liquidated damages was "unknown" because liquidated damages accrued continually. *Id.* Plaintiffs asked the Court to order Defendant to pay the known amount of $35,422.92; to order Defendant to submit the Trust Fund Contribution Reports and to pay the contributions and liquidated damages due; to award Plaintiffs interest on delinquent contributions as damages; to award Plaintiffs costs and attorneys' fees pursuant to ERISA; and to order Defendant to comply with its obligations in the future. *Id.* at 6.

The Clerk of Court issued a Summons as to Defendant on December 2, 2009. Paper No. 2. The Summons and Complaint were served on Bruce Seiling, President of E.G.S., Inc., on December 7, 2009. Paper No. 5. Defendant made no response.

On January 22, 2010, Plaintiffs filed a Request to Clerk of the Court for Entry of Default, Paper No. 6, and the Clerk entered an Order of Default on January 27, 2010, Paper No. 7.

Plaintiffs filed a Motion for Default Judgment on January 27, 2010, asking the Court to order Defendant to pay the current known amount of money owed; to submit all outstanding Contribution Reports; to submit all amounts that become due and payable when the Contribution Reports are submitted; to pay interest on these amounts; and to order Defendant to comply with its future obligations. Pls.' Mot. 1. Plaintiffs also filed a Declaration of R. Reneé Parenti, Executive Vice President of Carday Associates, Inc. and Plan Administrator to Plaintiffs' Trust Funds, in support of the known amount due to Plaintiffs, i.e., $35,422.92. Parenti Aff. ¶ 19, Paper No. 13-1. Additionally, Plaintiffs requested $3,198.00 in attorney's fees. Pl.'s Mot. 2. In support thereof, Plaintiffs filed the Declaration of Richard S. Siegel in Support of Plaintiffs' Request for Attorney's Fees and Costs. Paper No. 8-1. Plaintiffs later filed an amended affidavit in support of attorney's fees, requesting a new total of $6,524. Amend. Declaration of Richard S. Siegel in Support of Plaintiffs' Request for Attorneys' Fees and Costs ¶ 4 ("Amend. Siegel Aff."), Paper No. 13-8.

## II. Discussion

### A. Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *See Medunic v. Lederer*, 64 F.R.D. 403, 405 n.7 (E.D. Pa. 1974), *reversed on other grounds*, 533 F.2d 891 (3d

Cir. 1976) (concluding that clerk could not enter default judgment where damages were not liquidated).

If the sum is not certain or ascertainable through computation, Rule 55(b)(2) provides:

> [T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>>
>> (B) determine the amount of damages;
>>
>> (C) establish the truth of any allegation by evidence; or
>>
>> (D) investigate any other matter.

As the Court noted in *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006),

> The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). However, default judgment is available when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D.Md. 2005).

As noted, Defendant received the Complaint on December 7, 2009, but did not respond.[1] Thus, all of Plaintiffs' allegations—other than those pertaining to damages, as discussed *infra*, are deemed admitted. Fed. R. Civ. P. 8(b)(6). Plaintiff moved for an entry of default on January 22, 2010, and a default judgment on January 27, 2010, and Defendant still did not respond. It is within the court's discretion to grant default judgment when a defendant does not respond or defend its case. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. at 405–06 (holding that entry of default judgment was proper because defendant had been properly served with complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *see also S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment was appropriate because

---

[1] Defendant had twenty-one days after service to respond. Fed. R. Civ. P. 12(a)(1).

4

defendant was "unresponsive for more than a year" after denial of his motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment). Four months have passed since Defendant received the Complaint, yet it still has not responded. Thus, the Court should grant default judgment.

### B. Damages

An allegation "relating to the amount of damages" is not deemed admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6); *see Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages."); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("[D]efault is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

Therefore, on default judgment, the Court may only award damages without a hearing if the record supports the damages requested. *See, e.g., Pentech*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against Defendant because Plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); *DirecTV, Inc. v. Yancey*, No. Civ.A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because Plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of

uncontradicted affidavits"); *JTH Tax, Inc. v. Smith*, No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) (holding that damages could be awarded without hearing upon default judgment against Defendant because Plaintiff submitted invoices documenting the money owed to Plaintiff); *see also Trs. of the Elec. Welfare Trust Fund*, 2009 WL 2982951, at *1 (discussing need for plaintiffs claiming monthly contributions, liquidated damages, and interest to submit supporting affidavit that provides sufficient details for the Court to make any necessary calculations); *Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 (S.D. Ala. 2007) (noting that an entry of default judgment "in no way obviates the need for determinations of the amount and character of damages," but an evidentiary hearing is not required if "all essential evidence is already of record"); *see also Maloney v. Disciples Ltd., LLC*, No. 1:06CV00124, 2007 WL 1362393, at *2 (M.D.N.C. May 8, 2007) (noting that, in cases concerning default judgments and promissory notes, "it is not necessary to conduct a hearing and . . . damages may be determined by way of affidavit and other documentary evidence"). Proceeding without a hearing is the exception: "Claims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007); *see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (same).

Here, Plaintiffs claim $35,422.92 in damages in their Motion for Default Judgment. As noted, Plaintiffs submitted the Declaration of R. Reneé Parenti, Executive Vice President of Carday Associates, Inc. and the Plan Administrator for Plaintiffs' Trust Funds. Parenti stated that "Defendant owes $35,422.92 to the Plaintiff Trust Funds," and that the sum represented unpaid contributions, "liquidated damages of 15% of the amount due . . . and interest in the

amount of 10% per annum." Parenti Aff. ¶¶ 7-8 She explained how she reached the sum. *Id.*
¶¶ 8-19. In support of her calculations, Parenti attached copies of the Amendments to the Trust
Fund Agreements, which indicate the deadlines for employers' submissions of contribution
reports and payments of contributions, and provide for liquidated damages and interest, Parenti
Aff. Ex. 1, Paper No. 13-2; copies of contribution reports that Defendant submitted late, Parenti
Aff. Ex. 2 & 5, Paper Nos. 13-3 & 13-6; copies of Statements of Accounts Receivable sent to
Defendant in March, 2010, Parenti Aff. Ex. 3 & 6, Paper No. 13-4 & 13-7; and a copy of the
Agreement for the Participation of Non-Collectively Bargained Employees in the Laborers'
District Council Health & Welfare Trust Fund No. 2, Parenti Aff. Ex. 4, Paper No. 13-5.
Because Plaintiffs presented sufficient evidence to support the amount of damages claimed, I
recommend that the Court award $35,422.92 in damages. *See Pentech*, 2009 WL 1872535, at
\*2; *DirecTV*, 2005 WL 3435030, at \*2; *JTH Tax, Inc.*, 2006 WL 1982762, at \*3.

### C. Attorney's Fees and Costs

Attorney's fees and costs are available in an ERISA action. 29 U.S.C. §1132(g)(2)(D).
Indeed, pursuant to 29 U.S.C. §1132(g)(2)(D), when the Court enters judgment in favor of the
plaintiff in an ERISA action for a plan to recover unpaid contributions, it "shall award the plan
. . . reasonable attorney's fees and costs of the action, to be paid by the defendant." In
calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as
a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*,
549 F.3d 313, 320-21 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)
(stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce
satisfactory specific evidence of the prevailing market rates in the relevant community for the
type of work for which he seeks an award") (internal citations omitted). The plaintiff "must show

that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (concluding, after an initial determination that the attorney's hourly rate was reasonable for the particular district, that attorney's fees requested by Plaintiff, based on documentation of hours worked and tasks completed, were reasonable); *Flynn v. Jocanz*, 480 F. Supp. 2d 218, 220–21 (D.D.C. 2007) (awarding requested attorney's fees based on affidavits and the record). Of import, Appendix B to this Court's Local Rules, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, states that attorneys admitted to the bar for fifteen or more years may reasonably bill $275-400 per hour. Local Rules App'x B, at 3.d. Attorneys admitted to the bar for fewer than five years may reasonably bill $150-90 per hour. *Id.* at 3.a. When entering a default judgment, the Court may make an award of attorney's fees for a lesser amount than the moving party requested. *See DirecTV v. Agee*, 405 F. Supp. 2d 6, 8 (D.D.C. 2005) (concluding, on granting default judgment, that "plaintiff's requested relief … for attorneys' fees [was] excessive" and awarding half of what was requested in the plaintiff's motion).

Here, Plaintiffs ask for $6,524.00 in attorney's fees and costs and offer an affidavit in support of the amount requested. Amend. Siegel Aff. ¶ 4. Jonathan Rose, an attorney admitted to the bar for eighteen years, billed Plaintiffs for 2.1 hours of work reviewing court filings at $390.00 per hour. *Id.* ¶ 5. I find that $819.00 for 2.1 hours of Mr. Rose's work is reasonable under the Local Rules Guidelines. *See* Local Rules App'x B, at 3.d. Richard Siegel, an attorney admitted to the bar for three years, billed Plaintiffs for 17.6 hours of work drafting the court filings at $300.00 per hour. Amend. Siegel Aff. ¶ 6. I find that 17.6 hours is a reasonable amount of time. However, although the Local Rules Guidelines are "solely to provide practical

guidance to lawyers and judges when requesting, challenging and awarding fees," Local Rules App'x B, $300.00 per hour greatly exceeds the recommended range of reasonable hourly rates for a new attorney. *See id.* at 3.a. I find that $300.00 per hour is not a reasonable rate, but $200.00 per hour would be a reasonable rate for Mr. Siegel's time. *See id.* Also, Plaintiffs "incurred costs of $350.00 in the filing of the Complaint in this matter, and $75.00 in personally serving Defendant with a copy of the Complaint and summons." Amend. Siegel Aff. ¶ 7. Therefore, I recommend that the Court grant $3,520.00 in attorney's fees for 17.6 hours of Mr. Siegel's time at $200.00 per hour; $819.00 in attorney's fees for 2.1 hours of Mr. Rose's time at $390.00 per hour; and $425 in costs for filing the Complaint and serving Defendant, for a total award of $4,764.00.

### D. Injunctive Relief

In conjunction with a default judgment, the Court also may order injunctive relief. *See Flynn*, 480 F. Supp. 2d at 221 (concluding, after reviewing plaintiff's submissions, that plaintiff's requested injunctive relief, i.e., that "defendants be 'directed to comply with its obligations to report and to contribute to [specific unions and funds] all additional reports, contributions, and dues checkoff money due and owing' under the Collective Bargaining Agreement," was appropriate); *Wine v. SCH Elec., LLC*, No. CV- 08-0874-PHX-LOA, 2008 WL 4073853, at *4 (D. Ariz. Aug. 28, 2008) (concluding, after an evidentiary hearing, that entry of an order requiring defendant employer to file timely contribution forms and to timely pay contributions constituted such "'other legal or equitable relief as the Court deem[ed] appropriate'" and therefore was appropriate in an ERISA action) (quoting 29 U.S.C. § 1132(g)(2)(E)); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (granting a permanent injunction on

default judgment); *DirecTV*, 2005 WL 3435030, at *4 (granting injunctive relief on default judgment).

*Flynn*, 480 F. Supp. 2d at 219–20, is informative. There, the defendant/employer was bound by collective agreements formed pursuant to ERISA to provide financial contributions at set times and amounts to the union and its members' funds. The District Court for the District of Columbia granted Plaintiff's request for future injunctive relief requiring the defendant to comply with its obligations, reasoning that "among the powers that Congress delegated to district courts in ERISA actions involving delinquent contributions is not only the power to award the plan, *inter alia*, unpaid contributions, interest on unpaid contributions, liquidated damages, reasonable attorney's fees, and/or litigation costs, *see* 29 U.S.C. § 1132(g)(2)(A)-(D), but the broad discretionary power to award fiduciary plaintiffs 'such other legal or equitable relief as the court deems appropriate,' 29 U.S.C. § 1132(g)(2)(E)." *Id.* at 221. Notably, the court did not hold a hearing on the matter. *Id.*

Similarly, in *Wine*, 2008 WL 4073853, the defendant was an employer who was bound to contribution funds under the Taft-Hartley Act and ERISA. *Id.* at *1. There, after holding an evidentiary hearing on damages, the Court stated that injunctive relief in the form of requiring the defendant to fill out contribution forms and pay the contributions in a timely manner was appropriate. *Id.* at *4. It reasoned, *id.*:

> As Defendant Employer has not filed contribution reporting forms for the months of February, 2008 through July, 2008, Plaintiffs cannot calculate the amount due. Accordingly, given the Court's authority under, ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g) (2)(E), to grant such "other legal or equitable relief as the Court deems appropriate," the Court concludes that it is fair and just to enter an order that Defendant Employer shall file, within 10-days of service of certified copies of these Finding of Fact and Conclusions of Law and Default Judgment upon its authorized agent, accurate delinquent contribution reporting forms for the months of February, 2008 through July 2008 and shall pay all

10

contributions shown to be due for such reported work for the months of February, 2008 through July, 2008.

Here, Plaintiffs have asked for similar injunctive relief pursuant to Defendant's obligations under ERISA. Although Plaintiffs have not provided the Court with copies of the collective bargaining agreement and Trust Agreements, they have provided the Court with copies of the Amendments to the Trust Fund Agreements, which establish the schedule for Defendant to submit reports and make contributions. Parenti Aff. Ex. 1. Therefore, I recommend that the Court order Defendant to file all outstanding contribution reports within fourteen (14) days of the date of this order and to pay all outstanding contributions upon filing its reports. Further, I recommend that the Court order that Defendant comply in the future with its obligation to contribute to Plaintiffs' Trust Funds in the manner required by its collective bargaining agreement and Trust Agreement.

## III.    Conclusion

In sum, I recommend that:

(1) the Court grant Plaintiffs' Motion for Default Judgment;

(2) the Court award Plaintiffs damages of $35,422.92; and $4,764.00 in attorney's fees and costs; and

(3) the Court grant Plaintiffs injunctive relief, namely by ordering Defendant

    (a) to file all outstanding contribution reports within fourteen (14) days of the date of this order;

    (b) to pay all outstanding contributions upon filing its reports; and

    (c) to comply in the future with its obligation to contribute to Plaintiffs' Trust Funds in the manner required by its collective bargaining agreement and Trust Agreement.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: 4/16/10

_____/s/_____
Paul W. Grimm
United States Magistrate Judge

lmy/jr